UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RONALD HALL,<br>  Defendant. | )<br>)<br>)<br>)   No. 1:21-cr-00062-3-JJM-PAS<br>)<br>)<br>)<br>) |

ORDER

Before the Court is Defendant Ronald Hall's Motion for a Bill of Particulars, pursuant to Fed R. Crim. P. 7(f). The government charges Mr. Hall with conspiracy to possess cocaine with the intent to distribute and knowingly and intentionally possessing cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841 and 846. The indictment alleges that the conspiracy existed "at least as early as March 15, 2021, and continu[ed] until on or about June 8, 2021." ECF No. 10 at 1. Mr. Hall argues that, because the genesis of the government's evidence against him begins on June 8, 2021, a bill of particulars is necessary to aptly describe alleged wrongdoing occurring earlier. ECF No. 20-1. Mr. Hall further argues that "the information sought by his motion for bill of particulars is absolutely necessary to permit Mr. Hall to adequately prepare a defense . . . ." *Id.* The government counters by arguing that requiring a bill of particulars would constitute disclosure of the government's trial strategy. ECF No. 23.

This Circuit has held that "[t]he function of a bill of particulars is to provide the defendant with necessary details of the charges against him to enable him to

prepare his defense, to avoid surprise against trial, and to protect against double jeopardy." *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992). To prevent this from happening, it is not unusual for the government to be required to disclose information that would be useful to one's defense. *Will v. United States*, 389 U.S. 90, 99 (1967). The key inquiry thus becomes whether a lack of a "more detailed specification" would disable a defendant in their trial preparation. *United States v. DeLeon*, 468 F. Supp. 2d 290, 292 (D.N.H. 2007) (citing *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir.1993)). Nonetheless, the decision to grant or deny a bill of particulars lies within the "sound discretion" of this Court. *Abreu*, 952 F.2d at 1469.

The Court does not agree with the government that Mr. Hall is using his Motion for a Bill of Particulars as a trial device or a tool for additional discovery.[1] Mr. Hall is filing this motion precisely because of the lack of discovery produced on this issue.[2] As the government asserts: "The United States has produced discovery and will continue to produce any supplemental discovery (if any is generated), and is

---

[1] The cases that the government cites on this issue hold a bill of particulars is not warranted when discovery was satisfactorily completed. *See* ECF No. 23 at 2 (citing, for example, *Flynn v. United States*, 503 U.S. 996 (1992) (holding that a robust discovery policy "is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary")). This group of legal authority is not persuasive, as it is not clear what constitutes a "robust" discovery policy, or whether the government met that standard.

[2] The information sought by the Mr. Hall is like that of the Petitioner in *Will v. United. States*, 389 U.S. 90 (1967). In that matter, the Supreme Court held that Petitioner could seek, in a bill of particulars, information relating to the name, date, places, and substance of the statements relied on by the government in trial. *Will v. United States*, 389 U.S. 90, 92 n.1 (1967).

thereby disclosing the evidence that it will use to present its case." ECF No. 23 at 3. This yields one of two possible conclusions: either the breadth of the government's non-confidential evidence is not being disclosed, or the evidence that will be presented at trial will unfairly prejudice and surprise Mr. Hall. Either way, the onus is not on Mr. Hall to ascertain "the nature of the charges . . . against [him]"; that is a guarantee by the Sixth Amendment to the United States Constitution.

Therefore, the Court GRANTS Defendant Ronald Hall's Motion for Bill of Particulars. ECF No 20.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

November 4, 2021