UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RONALD HALL,<br>    Defendant. | )<br>)<br>)<br>)    1:21-cr-00062-3-JJM-PAS<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendant Ronald Hall's Motion for Relief from Prejudicial Joinder, pursuant to Fed. R. Crim. P. 14. ECF No. 21. Mr. Hall argues that there is a serious risk of "spillover" prejudice, where the potential guilt of one of his codefendants would influence the jury's perception of his guilt. *Id.* The government responds that, because this is a conspiracy case, the codefendants should be tried together, pursuant to Fed. R. Crim. P. 8(b). ECF No. 25.

According to Rule 8(b):

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Courts of this Circuit have previously held that a conspiracy constitutes a "sufficient connecting link between co-defendants" to permit joinder of defendants under Rule 8(b). *See, e.g., United States v. Luna*, 585 F.2d 1, 4 (1st Cir. 1978). This Circuit has also held that codefendants may be joined when there is a "common 'mucilage' or activity between an objecting defendant and the other

indictees, such as participation in a common drug distribution scheme." *United States v. Azor*, 881 F.3d 1, 11 (1st Cir. 2018). Furthermore, "[j]oinder is proper, however, even when the objecting defendant is only connected to one part of that scheme." *Id.* Because the Mr. Hall is alleged to have participated in a drug conspiracy, the Court finds that he was properly joined to with his codefendants.[1]

The question then becomes whether the Court should sever the proper joinder under Rule 14(a). This Rule holds: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). As both parties allude to, the rule in this Circuit is that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Flores-Rivera*, 56 F.3d 319, 325 (1st Cir. 1995) (internal quotations omitted).

The Court is aware of the risk that spillover prejudice presents. Indeed, the risk of spillover alone could meet the high bar that Rule 14 presents, thereby permitting a court to sever codefendants. *See, e.g., Zafiro v. United States*, 506 U.S. 534, 539 (1993). However, the tenability of spillover prejudice here is questionable

---

[1] Under *Azor*, one part of the conspiracy may have been the offense that the police apprehended him. Given the close proximity of all three codefendants at the time of arrest, it is reasonable to allege that the June 8 offense was at least "one part of that scheme." Nonetheless, the Court does not make any conclusions now whether this event was sufficient for determining that there was a conspiracy on June 8.

at best. While Mr. Hall recognizes the seriousness of the charges against his codefendants, he does not discuss why the jury would improperly infer his involvement in potentially unrelated offenses. The trend in this Circuit disfavors severance in conspiracy cases unless the risk of spillover prejudice is, for example, "so pervasive that miscarriage of justice looms." *See, e.g., United States v. Weadick*, No. 18-1899, 2021 WL 4350064 at *8 (1st Cir. 2021).

Moreover, it is not clear that a limiting instruction would inhibit the jury from making a proper determination. As the First Circuit notes, "[t]he [trial] court carefully controlled the presentation of the proof, making the jury keenly aware that certain evidence was limited to particular defendants, and that, in all events, the evidence had to be considered separately against each defendant." *United States v. Pierro*, 32 F.3d 611, 616 (1st Cir. 1994). There is no reason to believe that this Court would deviate from a similarly "exemplary handling of the situation." *See id.*

Because the Court finds that the risk of spillover is not "so pervasive that miscarriage of justice looms," *Weadick*, 2021 WL 4350064 at *8, the Court DENIES Mr. Hall's Motion for Relief from Prejudicial Joinder, ECF No. 21.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

November 4, 2021